**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

FRANCISCO J. GONZALEZ                        §
                                             §
          Plaintiff,                         §
                                             §
vs.                                          §          CIVIL ACTION NO. 4:17-cv-00732
                                             §
TELLEPSEN INDUSTRIAL                         §
CORPORATION                                  §
                                             §
          Defendant.                         §
                                             §

**MEMORANDUM AND RECOMMENDATION
ON DEFENDANT'S COMBINED 12(B)(1) AND 12(B)(6) MOTION TO DISMISS
PLAINTIFF'S CLAIMS**

This matter was referred by United States District Judge Vanessa D. Gilmore, for full pre-trial management, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). (Docket Entry #8). In this case, Plaintiff Francisco Gonzalez ("Plaintiff," "Gonzalez "), proceeding *pro se*, brings claims against Defendant Tellepsen Industrial Corporation ("Defendant," "Tellepsen," "the Company") for discrimination and retaliation under the Age Discrimination in Employment Act of 1967 ["ADEA"], 29 U.S.C. §§ 621, *et seq.* (Complaint for Employment Discrimination ["Complaint"] at 3, Docket Entry #1). He claims that Defendant discriminated against him, on the basis of his age, and then terminated him in retaliation for pointing out on-the-job safety hazards and taking a leave of absence. (*See id.* at 5). Before the court is Defendant's motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Defendant's Combined 12(b)(1) and 12(b)(6) Motion to Dismiss Plaintiff's Claims, and Brief in Support ["Motion to Dismiss"], Docket Entry #6). Plaintiff has responded, and Defendant has replied. After considering the pleadings, the evidence submitted,

1

and the applicable law, it is **RECOMMENDED** that Defendant's motion to dismiss, under Rule 12(b)(6), be **GRANTED**, and that this case be **DISMISSED**, without prejudice to replead, if appropriate.

**Background**

Plaintiff Francisco Gonzalez is a 49 year old Hispanic male, of Mexican descent, who worked for Defendant Tellepsen Industrial Corporation, as a pipe fitter. (Motion at Exhibit ["Ex."] A ["EEOC Charge"],1). The precise nature and duration of Gonzalez's employment is unclear. However, the record shows that he was terminated on April 18, 2015. (Motion at 5; EEOC Charge at 1).

This action arises from Gonzalez's allegation that Defendant discriminated against him, because of his age. In his Complaint, Plaintiff contends, specifically, that he was "reprimand[ed] for [making] simple job [] site suggestions and [taking] leave[][,] while [] younger [Tellepsen] workers missed work often[,] but enjoyed promotions and other fringe benefits." (Complaint at 5). He also claims that he was terminated in retaliation for recommending that Tellepsen provide a sturdy barricade between the road and a company job site. (*See EEOC Charge at 1).*

Gonzalez filed a charge with the Equal Employment Opportunity Commission ["EEOC"] on February 12, 2016. (EEOC Charge at 2). In that charge, Plaintiff alleged that Tellepsen had discriminated against him on the basis of his *race and national origin*, and that it had "retaliated" against him, because he had complained about the "unfair treatment" that he had received. (*Id*. at 1,2). In support of his allegations to the EEOC, Gonzalez reported that he noticed several safety hazards at a Tellepsen job site, on March 27, 2015. (EEOC Charge at 1). He claimed that he mentioned his observations to a Company safety worker the following day. (*Id*.). Plaintiff alleged

that he later made suggestions to improve the safety of Tellepsen pipe fitters, as well, but that those recommendations were ignored. (*Id*.). Gonzalez insists that Defendant would have addressed his complaints had he been a white male. (*Id*.).

In his EEOC charge, Plaintiff further claimed that, on April 2, 2015, he made a phone call during lunch, and that two white male employees informed him that he was not allowed to do so. (*Id*.). He alleged that he was later given "a formal reprimand" for making the call. (*Id*.). Gonzalez insisted that he was given permission to make the call, and complained that he was "never given [] notice of corrective action or counseling[] following the write-up[,]" as was required by the Company's human resource policy. (*Id*.). Instead, he was terminated on April 18, 2015. Gonzalez maintains that he would not have been reprimanded or discharged had he been a white male. (*Id*.).

On December 15, 2016, Gonzalez received a right to sue letter from the EEOC. (Complaint at 5; Motion at Ex. B ["Right to Sue Letter"], 1). He filed this action against Tellepsen on March 3, 2017. (Complaint). Before this court, Gonzalez states claims for age-based discrimination, harassment, and retaliation in violation of the ADEA.[1] (Complaint at 4-5).

On March 29, 2017, Defendant filed this motion to dismiss, for lack of subject matter jurisdiction, under Rule 12(b)(1), and for failure to state a claim, under Rule12(b)(6) of the Federal Rules of Civil Procedure. (Motion at 1). At the outset, Tellepsen argues that the court lacks subject matter jurisdiction over this action, because Plaintiff has failed to exhaust his administrative remedies. (Motion at 2-5). In the alternative, Defendant contends that Plaintiff has failed to state a claim, because he did not exhaust his administrative remedies. (*Id*. at 6). The Company also argues that Gonzalez has not pleaded sufficient facts to state a *prima facie* claim of age discrimination, and

---

[1] In his Complaint, Plaintiff also alleges that "[he] believe[s] that [he is] a victim of age discrimination, harassment, and hostile work environment under Title VII[.]" (Complaint at 4-5).

that his retaliation claim must be dismissed, because he has not alleged that he participated in a statutorily protected activity. (*Id*. at 6-7). Having reviewed the pleadings, the evidence, and the applicable law, the court recommends that Defendant's motion to dismiss be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and that each of Plaintiff's claims be dismissed, without prejudice.

**Standard of Review**

Federal Rule of Civil Procedure 12(b)(1) authorizes the dismissal of an action if the court lacks subject matter jurisdiction to entertain it. FED. R. CIV. P. 12(b)(1). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Krim v. pcOrder.com, Inc*., 402 F.3d 489, 494 (5th Cir. 2005) (quoting *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998))."The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Alfonso v. United States*, 752 F.3d 622, 625 (5th Cir. 2014) (quoting *In re FEMA Trailer Formaldehyde Prods. Liab. Litig*., 646 F.3d 185, 189 (5th Cir. 2011)). In reviewing a Rule 12(b)(1) motion, the court may rely on any of the following to decide the matter: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *St. Tammany Parish, ex rel. Davis v. Fed. Emergency Mgmt. Agency*, 556 F.3d 307, 315 (5th Cir. 2009) (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). Here, the court has considered the complaint, as well as the sparse facts set out in the record.

If a Rule 12(b)(1) motion is filed with other Rule 12 motions, as in this case, the court should first consider the jurisdictional attack, before addressing any challenge to the merits of the case.

*Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (per curiam). In that way, a court without jurisdiction will not prematurely dismiss a case with prejudice. *Id.*

A Rule 12(b)(1) motion to dismiss is characterized as either a "facial" attack, that is, the allegations in the complaint are insufficient to invoke federal jurisdiction, or as a "factual" attack, that is, the facts in the complaint supporting subject matter jurisdiction are questioned. *Turner Indus. Group, LLC v. Int'l Union Operating Eng'rs*, 8 F. Supp.3d 875, 883 (S.D. Tex. 2014). An attack is "factual," rather than facial if the defendant "submits affidavits, testimony, or other evidentiary materials." *Braatz, L.L.C. v. Red Mango*, No. 15-10-10498, 2016 WL 1253679, at * 2 (5th Cir. Mar. 30, 2016). The attack here is "factual," because Defendant has filed Plaintiff's EEOC charge as evidence to show that the court lacks jurisdiction. *Id*. To defeat a "factual" attack, Plaintiff "'must prove the existence of subject[]matter jurisdiction by a preponderance of the evidence[,]'" and is "'obliged to submit facts through some evidentiary method to sustain his burden of proof.'" *Superior MRI Services, Inc. v. Alliance Healthcare Services, Inc.*, 778 F.3d 502, 504 (5th Cir. 2015) (quoting *Irwin v. Veterans Admin.*, 874 F.2d 1092, 1096 (5th Cir. 1989)). "[W]hen a factual attack is made upon federal jurisdiction, no presumption of truthfulness attaches to the plaintiff's jurisdictional allegations, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Residents Against Flooding v. Reinvestment Zone Number Seventeen, City of Houston, Texas*, C.A. No. H-16-1458, 2017 WL 1901660, at *4 (S.D. Tex. May 9, 2017).

In ruling on a 12(b)(6) motion, the court must accept all "well-pleaded facts" as true, "'viewing them in the light most favorable to the plaintiff,'" and drawing all inferences in his favor. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby*

*Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5ᵗʰ Cir. 2004)); *accord In Re McCoy*, 666 F.3d 924, 926 (5ᵗʰ Cir. 2012); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5ᵗʰ Cir. 2000). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, —, 129 S.Ct. 1937, 1949, 173 L.Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). That is, "the complaint's 'factual allegations must be enough to raise a right to relief above the speculative level.'" *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5ᵗʰ Cir. 2010).

It should be noted that Plaintiff is not represented by counsel, and that he has no legal training. Although it is well established that *pro se* complaints are held to less stringent standards than those crafted by attorneys, "[t]hreadbare recitals of the elements of a cause of action," supported by "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor v. Books A Million, Inc*., 296 F.3d 376, 378 (5ᵗʰ Cir. 2002) (citation and internal quotation marks omitted); *Ashcroft,* 129 S.Ct. at 1949.

**Discussion**

### *Age Discrimination Claim*

Defendant claims that the court lacks subject matter jurisdiction to entertain Plaintiff's ADEA claims, because he failed to exhaust his administrative remedies by not alleging age discrimination in his EEOC charge. (Motion at 4-5). Plaintiff counters that his former attorney chose to file a charge asserting claims under Title VII, rather than the ADEA. (Response at 4). He also argues that the court has jurisdiction, because the EEOC "ignored" his charge for 290 days. (*Id*.).

As a threshold matter, a motion to dismiss for failure to exhaust administrative remedies is

properly evaluated under Federal Rule of Civil Procedure 12(b)(6). *Kojin v. Barton Protective Servs.*, 339 F. Supp. 2d 923, 925 (S.D. Tex. 2004). There is disagreement within the Fifth Circuit on whether the exhaustion requirement is merely a prerequisite to suit, or whether it is a requirement that implicates subject matter jurisdiction. *Pacheco v. Mineta*, 448 F.3d 783, 788 n. 7 (5th Cir. 2006). Although the United States Supreme Court has held that EEOC filing deadlines are not jurisdictional, neither the Supreme Court, nor the Fifth Circuit has ruled, definitively, on whether the exhaustion requirement is subject to waiver or estoppel. *Id.* (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 102 S.Ct. 1127, 1133, 71 L.Ed. 2d 234 (1982). However, in this district, "[e]xhaustion of administrative remedies under [] the ADEA is not a jurisdictional prerequisite to suit, but a statutory condition precedent." *Kojin,* 339 F. Supp. 2d at 925 (citing *Zipes*, 455 U.S. at 393). As such, the appropriate inquiry is whether Gonzalez has stated a claim for which relief can be granted.

A plaintiff in an employment discrimination case must fully explore and exhaust all administrative remedies before filing a legal action in federal court. *Julian v. City of Houston, Tex.,* 314 F.3d 721, 725 (5th Cir. 2002); *Jefferson v. Christus St. Joseph Hosp.*, 374 Fed.App'x. 485, 489 (5th Cir. 2010). Exhaustion occurs when an employee "files a timely charge with the EEOC[,] and receives a statutory notice of right to sue." *Taylor v. Books a Million, Inc.* 296 F.3d 376, 378-79 (5th Cir. 2002) (citing *Dao v. Auchan Hypermarket*, 96 F.3d 787, 788-89 (5th Cir.1996)). *Id.* The primary purpose of an EEOC charge is to provide notice of the complaint to the employer, and to activate the "voluntary compliance and conciliation functions of the EEOC." *Goodwine v. Sodexo*, No. H-12-1910, 2012 WL 6048667, at *2 (S.D. Tex. 2012) (quoting *Ajaz v. Continental Airlines*, 156 F.R.D. 145, 147 (S.D. Tex. 1994); *see also Barnes v. Levitt,* 118 F.3d 404, 409 (5th Cir. 1997) ("[T]he

purpose of exhaustion is to give the agency the information that it needs to investigate and resolve the dispute between the employee and the employer."). For that reason, a district court may only consider those grounds of an employment discrimination complaint that were raised in the administrative process. *Filer v. Donley,* 690 F.3d 643, 647 (5th Cir. 2012); *Decker v. University of Houston*, 970 F.Supp.575, 578 (S.D. Tex. 1997) (holding that the administrative review process for Title VII and ADEA claims is identical); *Castro v. Texas Dept. of Criminal Justice,* 541 Fed. App'x 374, 379 (5th Cir. 2013) (a plaintiff alleging workplace discrimination must exhaust his administrative remedies before suing under the ADEA); *see also Moore v. Napolitano*, No. 07-2666, 2009 WL 4723169, at *6 (E.D. La. 2009) (quoting *Johnson v. Bergland*, 614 F.2d 415, 418 (5th Cir.1980) ("if the [EEOC] does not reach the merits of the complaint because the [employee] does not comply with the administrative procedures[, then] the court should not reach the merits either."). Although filing an EEOC complaint is not a jurisdictional prerequisite, it is required before one can file suit in district court. *Haskett v. Continental Land Resources, LLC*, No. G-14-0281, 2015 WL 1419731, at *8 (S.D. Tex. 2015) (citing *Taylor,* 296 F.3d at 378-79).

In assessing whether a plaintiff has exhausted his administrative remedies, two competing policies are implicated. *See McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 273 (5th Cir. 2008). On one hand, because the provisions of Title VII were designed to protect those "who are unlettered and unschooled in the nuances of literary draftsmanship[,]" and because most complaints are initiated *pro se*, EEOC charges should be liberally construed. *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970); *accord Pacheco v. Mineta*, 448 F.3d 783, 788 (5th Cir. 2006). On the other hand, Title VII was designed to trigger the administrative procedures of the EEOC, as a means of achieving the non-judicial resolution of employment discrimination claims. *Pacheco*, 448 F.3d at

273. To reconcile these competing policies, the Fifth Circuit broadly construes an EEOC charge, but the administrative investigation is limited to that which "can reasonably be expected to grow out of the charge of [retaliation]." *McClain*, 519 F.3d at 273 (citing *Sanchez*, 431 F.2d at 466). The court must therefore employ a "fact-intensive analysis" which looks beyond the four corners of the charge, to the substance of the document. *Id.* In sum, an ADEA petition may include allegations "like or related to allegation[s] contained in the [EEOC] charge and growing out of such allegations during the pendency of the case before the Commission." *Id.*

In the Complaint, here, Plaintiff makes a claim for discrimination and retaliation under the ADEA, yet he never raised such allegations in his previous EEOC charge. (*See* Complaint at 4-5; *see generally*, EEOC Charge). He did not check the box for age discrimination, and he made no reference to age discrimination in the EEOC charge itself. (EEOC Charge at 1-2). Although Gonzalez's charges are entitled to a liberal construction, it is impossible to construe an allegation which was not made. There is nothing in Plaintiff's charge that would suggest that the EEOC must investigate whether the Company discriminated against him, on the basis of his age. On this record, Plaintiff has failed to administratively exhaust his age discrimination claim, and consequently, he cannot state a claim on that cause of action. *See Vlaskek v. Wal-Mart Stores, Inc.*, No. H-07-0386, 2007 WL 2402183, at *4 (S.D. Tex. 2007) (quoting *Sanchez*, 431 F.2d at 466 ("[T]he 'scope' of a judicial complaint is limited to the 'scope' of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.")). Because Gonzalez set out only allegations of race and national origin discrimination in his previous EEOC charge, he is precluded from lodging a claim of age discrimination in this lawsuit. *Hinga v. MIC Group, LLC,* No. H-13-414, 2013 WL 2919543, at *2 (S.D. Tex. 2013) (dismissing plaintiff's claims for discrimination on the

basis of race and national origin under Rule 12(b)(6), because the EEOC charge failed to mention race or national origin discrimination, and it contained no information from which an investigation concerning those types of discrimination could reasonably be expected to grow); *Jefferson*, 374 Fed.App'x. at 490 (holding that plaintiffs who uniformly alleged race, age, and national origin discrimination, but had neither checked boxes nor included facts in their EEOC charge to support discrimination based on certain characteristics, had failed to exhaust those claims). For that reason, it is recommended that Gonzalez's age discrimination claim be dismissed, under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### ADEA Retaliation Claim

Under the ADEA, it is unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). It is likewise unlawful to retaliate against an employee who exercises his rights under that statute. *Id.* § 623(d). To establish a *prima facie* case of retaliation under the ADEA,[2] a plaintiff "must show that he engaged in a protected activity, (2) that there was an adverse employment action, and (3) that a causal link existed between the protected activity and the adverse employment action." *Wooten v. McDonald Transit Associates, Inc*., 7887 F.3d 490, 496-97 (5th Cir. 2015) (quoting *Holtzclaw v. DSC Commc'ns Corp*., 255 F.3d 254, 259 (5th Cir. 2001).

Tellepsen argues that Gonzalez has not alleged facts showing that he engaged in a protected activity. (Motion at 8). An individual engages in a protected activity if: (1) he opposes an

---

[2]It should be noted that "the anti-retaliation provisions of the ADEA and Title VII are similar and cases interpreting the latter provision are frequently relied upon in interpreting the former." *Pena v. Alumina*, No. CIV.A. V-03-151, 2005 WL 1155166, at *7 (S.D. Tex. May 11, 2005) (citing *Holt v. JTM Industries, Inc*., 89 F.3d 1224, 126-27 (5th Cir. 1996) (internal quotations omitted).

employment practice made unlawful, or (2) he makes a charge, testifies, assists, or participates in a related investigation, proceeding, or hearing. *Byers v. The Dallas Morning News, Inc*., 209 F.3d 419, 428 (5th Cir. 2000); *Long v. Eastfield College*, 88 F.3d 300, 304 (5th Cir. 1996). General complaints about the employer's conduct cannot form the basis of a retaliation claim. *Garza v. Laredo ISD*. 309 Fed.App'x 806, 810 (5th Cir. 2009). Only those complaints regarding conduct that is proscribed by the ADEA constitute statutorily protected activities. *See id.*

Plaintiff alleges that he was terminated in retaliation for offering suggestions to improve a company project site, and for taking a leave of absence. (Complaint at 5). However, neither of these activities fall under any category of protected activity outlined in the ADEA. *See* 29 U.S.C. § 623(d). Indeed, Plaintiff has not alleged that he complained about any acts of age discrimination, nor has he alleged that he has participated, in any way, in an investigation or litigation of age discrimination. *Id.* Gonzalez has not alleged that he participated in any other activities which might form the basis of a retaliation claim. Even had Plaintiff engaged in a protected activity under the ADEA, his failure to specify that activity in his EEOC charge precludes him from pursuing the claim in court. *Simmons v. Navy Federal Credit Union*, No. C-10-14, 2011 WL 2078528, at *5 (S.D. Tex. May 26, 2011). On this record, Plaintiff has failed to state a *prima facie* case of retaliation, because he has not alleged that he engaged in any statutorily protected activities. For that reason, it is recommended that Gonzalez's claim for retaliation be dismissed.

In sum, Plaintiff's cause of action should be dismissed, because he has failed to state a claim for discrimination or retaliation under the ADEA. His discrimination claim should be dismissed, because he failed to exhaust his administrative remedies before filing a claim in this court. His claim for retaliation should likewise be dismissed, because he has not alleged that he engaged in any

statutorily protected activity. For these reasons, it is recommended that each of Plaintiff's claims against Tellepsen be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**Conclusion**

Accordingly, it is **RECOMMENDED** that Plaintiff's claims be **DISMISSED**, without prejudice to replead.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

The original of any written objections shall be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77208; copies of any such objections shall be delivered to the chambers of Judge Vanessa Gilmore, Room 9513, and to the chambers of the undersigned, Room 7007.

**SIGNED** at Houston, Texas, this 31st day of May, 2017.

**MARY MILLOY**
**UNITED STATES MAGISTRATE JUDGE**